IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

JASON FRIES,

       Defendant.

No. 1:14-cr-00466-MC

**OPINION AND ORDER**

McSHANE, District Judge.

       This matter comes before the Court on Defendant's Motion for Hearing: Early Termination. ECF Dkt. #11. Although Defendant is represented by counsel, Defendant sought and received permission to file his motion pro se. For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

       This case originated in the Southern District of Florida. Defendant pleaded guilty to one count of Failure to Register as a Sex Offender and, on August 8, 2012, he was sentenced to one year and one day of imprisonment to be followed by a five-year term of supervised release. Defendant commenced his term of supervised release on April 5, 2013, and his case was transferred to the District of Oregon.

       On November 4, 2014, Defendant was arrested on a warrant issued on a petition alleging that Defendant had violated the terms of his supervised release by changing his place of

residence without notifying his probation officer and by having unsupervised contact with minors. On November 24, 2014, Defendant admitted the violation and this Court continued his supervised release.

On April 18, 2016, Defendant filed a pro se motion seeking early termination of his supervised release. On June 10, 2016, Defendant's probation officer filed a report indicating that on April 11, 2016, Defendant provided a urine sample that was positive for marijuana and cocaine. According to the report, Defendant insists that he has stopped using marijuana, but he has continued to provide urine samples that test positive for marijuana, including Defendant's most recent urine sample, obtained on June 6, 2016. Defendant has also provided dilute samples. Based on Defendant's status as a sex offender and his ongoing substance abuse, the U.S. Probation Office recommends that Defendant's motion for early termination be denied.

## LEGAL STANDARD

District courts enjoy "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Pursuant to 18 U.S.C. § 3583:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1).

## DISCUSSION

After consideration of the relevant factors under § 3553(a), I conclude that early termination of Defendant's supervised release is not warranted either by Defendant's conduct or

the interest of justice. In particular, I note that Defendant has previously admitted to a violation of the terms of his supervised release, as well as the probation officer's report of Defendant's ongoing use of controlled substances, and the U.S. Probation Office's opposition to early termination. I find no need for a hearing on Defendant's motion. *See Emmett*, 749 F.3d at 821 n.2 (it was not necessary for the district court to hold a hearing on a motion for early termination).

## CONCLUSION

Defendant's Motion for Hearing: Early Termination, ECF Dkt. #11, is DENIED.

It is so ORDERED and DATED this 30th of June, 2016.

                         s/ Michael J. McShane
                         Michael J. McShane
                         United States District Judge